IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY JOHNSON (AND AFRICAN AMERICANS SIMILARLY SITUATED, CLASS ACTION) ET AL v. | : : : : : | CIVIL ACTION |
| U.S. DISTRICT JUDGE PETRESE B. TUCKER, et al. | : : | NO. 12-4980 |

**M E M O R A N D U M**

RESTREPO, J.                                NOVEMBER 20th, 2013

By Order of this Court dated September 10, 2013, plaintiff was given leave to file an amended complaint to provide the Court with more information about his claims against the City of Philadelphia.[1] For the following reasons, the Court will dismiss the amended complaint for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

In order to state a claim upon which relief may be granted a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Plaintiff was given an opportunity to amend his complaint and clarify his claims against the City of Philadelphia. However, he

---

[1] Plaintiff's claims against the other defendants were dismissed pursuant to 28 U.S.C. § 1915(e). It is not clear whether plaintiff also intended to sue the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit as separate entities. However, sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. United States v. Mitchell, 445 U.S. 535 (1980); United v. Testan, 424 U.S. 392 (1976). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver. Jaffee v. United States, 592 F.2d 712 (3d Cir.), cert. denied, 441 U.S. 961 (1979).

has submitted an amended complaint that does nothing to cure the deficiencies in his initial pleading. Instead, the amended complaint is merely a recitation of plaintiff's dissatisfaction with different judge's rulings in numerous cases that he has filed during the past twenty-five (25) years in State and Federal Court.

Furthermore, there are no allegations in plaintiff's complaint that would this Court to find that unlawful actions were taken against the plaintiff pursuant to a municipality's policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978).

ENTERED
NOV 21 2013
CLERK OF COURT